# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 214 | **DATE** | 1/16/2001 |
| **CASE TITLE** | Patricia Petersen vs. Scott Cordes, M.D. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly this action will be retained here, although Dr. Cordes' counsel should take the appropriate steps to cure the remaining flaws identified in this opinion. The action is set for a status hearing on February 26, 2001 at 9 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JAN 17 2001 date docketed | 2 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | C.S. docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 01 JAN 16 PM 3:53 | 1/16/2001 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICIA PETERSEN, etc., )
)
　　　　　　Plaintiff, )
)
v. ) No. 01 C 214
)
SCOTT CORDES, M.D., et al., )
)
　　　　　　Defendants. )

MEMORANDUM OPINION AND ORDER

On January 2, 2001 this Court issued a brief memorandum opinion and order ("Opinion") remanding, to the Circuit Court of Cook County, Case No. 00 C 8111--a case involving the identical underlying action that this case does--by reason of a jurisdictional flaw in the notice of removal in that earlier case. Now the same defendant (Dr. Scott Cordes) has filed an Amended Notice for Removal, this time curing the specific flaw that had been identified in the Opinion: Dr. Cordes has now obtained and attached the written consent of co-defendant Dr. Daryl O'Connor to Dr. Cordes' action in having removed the case the second time around.

Unfortunately Dr. Cordes' counsel has not been entirely meticulous this time either. Thus Dr. O'Connor's affidavit speaks of his Chicago <u>residence</u> rather than his state of <u>citizenship</u>, an error that our Court of Appeals teaches fails to confirm subject matter jurisdiction--see <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998), quoting <u>Guaranty Nat'l Title Co. v.</u>

2.

J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

What is also missing from Dr. Cordes' current submission is the information as to when <u>Dr. O'Connor</u> first came into possession of information from which it could have been ascertained that the underlying action was removable.

But this Court has no desire to continue to play ping pong with the state court. Although Dr. Cordes' Amended Notice ¶2 mistakenly says that the O'Connor affidavit refers to the latter's Illinois citizenship, that error is surely curable with a moment's work. And the prospect of Dr. O'Connor having learned about removability earlier than Dr. Cordes, so as to render the current removal untimely, seems extraordinarily remote.

Accordingly this action will be retained here, although Dr. Cordes' counsel should take the appropriate steps to cure the remaining flaws identified in this opinion. And this action is now set for an initial status hearing at 9 a.m. February 26, 2001.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: January 16, 2001