Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 214 | **DATE** | 10/27/2003 |
| **CASE TITLE** | | Petersen vs. Cordes | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion in limine number 1 is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 0 6 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 76 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA PETERSEN, Special Administrator of the Estate of JAMES PETERSEN, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | No. 01 C 214 |
| v. | ) ) ) | |
| SCOTT CORDES, M.D., | ) ) | |
| Defendant. | ) ) ) | |

DOCKETED
NOV 0 6 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Plaintiff Patricia Petersen, as Special Administrator of the Estate of James Petersen, initiated this medical malpractice lawsuit against Dr. Scott Cordes alleging wrongful death and a survival action. On September 9, 1999, Defendant Cordes performed knee surgery on Mr. Petersen at the Northwestern Memorial Hospital in Chicago, Illinois. On September 19, 1999, Mr. Petersen died. Plaintiff alleges that Mr. Petersen died because Defendant failed to prescribe anti-coagulation medication prior to, during or subsequent to the surgery. Mr. Petersen is survived by his wife and three adult children.

Mr. Petersen resided in Wisconsin at the time of his death. The coroner of Racine County, Wisconsin, Tom Terry, completed Petersen's death certificate and proclaimed the following three causes of death: 1) Cerebral Anoxia, 2) Stacked Pulmonary Emboli, and 3) Deep Veinous Thrombus. Defendant Cordes has moved *in limine* to bar Tom Terry from rendering an opinion as to Mr. Petersen's cause of death. Defendant argues that Terry is unqualified to offer these opinions and did not use a reliable methodology in reaching them. The Court agrees.

7/6

Cordes challenges Terry under both *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed.2d 469 (1993), and Federal Rule of Evidence 702. Rule 702 allows expert testimony: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of opinion or otherwise." Fed. R. Evid. 702. "In analyzing the reliability of proposed expert testimony, the role of the court is to determine whether the expert is qualified in the relevant field and to examine the methodology the expert has used in reaching his conclusions." *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000).

The Supreme Court held in *Daubert* that the trial court must perform a gatekeeping function to determine whether expert scientific evidence is admissible under Rule 702. *Id.* at 593-95, 113 S. Ct. 2786. *See also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). The Supreme Court in *Daubert* set forth five factors that courts may use to assess the relevancy and reliability of expert testimony: "(1) whether the particular scientific theory 'can be (and has been) tested'; (2) whether the theory 'has been subjected to peer review and publication'; (3) the 'known or potential rate of error'; (4) the 'existence and maintenance of standards controlling the technique's operation'; and (5) whether the technique has achieved 'general acceptance' in the relevant scientific or expert community." *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 505 (7th Cir. 2003), quoting *Daubert*, 509 U.S. at 593-94, 113 S. Ct. 2786. These factors, however, are "neither definitive nor exhaustive, but rather flexible to account for the various types of potentially appropriate expert testimony." *Id.*, citing *Kumho*, 526 U.S. at 141, 119 S. Ct. 1167. The purpose of the court's gatekeeping function

is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo*, 526 U.S. at 152, 119 S. Ct. at 1176.

## I. Mr. Terry's Qualifications

Under Rule 702, a witness may qualify as an expert by knowledge, skill, experience, training or education. As the Seventh Circuit has noted, "courts must scrutinize witness testimony to ensure that all testimony based on scientific, technical or other specialized knowledge is subjected to the reliability standard of Rule 702." *United States v. Conn*, 297 F.3d 548, 553 (7th Cir. 2002). "A court has wide discretion in determining the competency of a witness as an expert . . . ." *United States v. Lanzotti*, 205 F.3d 951, 956 (7th Cir. 2000). "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 723 (7th Cir. 1999).

Mr. Terry is the coroner and medical examiner for Racine County, Wisconsin. He has held that position since 1992. Terry, however, is not a physician and has no specialized medical training. In fact, prior to becoming coroner, Terry owned and operated a refrigeration business. He began working in his father's refrigeration business in approximately 1967 where he remained until he sold the business when he became coroner. Terry served as a deputy coroner and deputy medical examiner in Racine from 1972 to 1992. Terry is not certified to practice medicine. He has not taken any special courses or received any training in determining cause of death. He only holds a certification as an emergency medical technician.

This is a complicated medical malpractice action involving the issue of whether Defendant should have placed decedent on anti-coagulant medication following the performance of knee surgery. Terry does not have sufficient knowledge, skill, experience, training or education to determine the cause of death of the decedent in this case. The mere fact that he is a coroner is insufficient without more.

## II. Methodology

The second prong of the Rule 702 test requires that an expert's testimony be the product of reliable principles and methods. The methodology utilized by Mr. Terry in determining Mr. Petersen's cause of death further undermines the reliability of his cause of death conclusions. Mr. Terry based his conclusion, in part, on information provided by Mrs. Petersen that the decedent suffered from Deep Vein Thrombosis ("DVT"). As the Court previously ruled in granting Defendant's motion in limine number 17, there is no evidence that the decedent was ever diagnosed with DVT. (R. 66-1, Oct. 23, 2003, Order.) Mr. Terry's reliance on such erroneous information was therefore flawed.

Furthermore, Mr. Terry relied on information provided to him by some unknown person on the team harvesting some of the decedent's organs. Mr. Terry was not part of that team and was not present for the harvesting. The unknown person told Mr. Terry that the decedent had "stacked clots to both lungs." Based on this information, Mr. Terry concluded that the cause of death was stacked pulmonary emboli. There is no evidence that the person he spoke with was even a doctor or had medical training. Plaintiff has not and cannot provide any information about this person's qualifications.

Neither Mr. Terry nor anyone else performed an autopsy on Mr. Petersen. Mr. Terry

4

looked at the decedent's body and saw a bluish color but did not conduct an examination.

The principles employed by Mr. Terry, especially in light of his lack of credentials, do not support a reliable conclusion. Accordingly, Defendant's motion in limine is granted.

**III.     Death Certificate**

Dr. Cordes also seeks to preclude the admission of Mr. Petersen's death certificate reflecting Mr. Terry's opinions as to cause of death. For the reasons discussed above, Mr. Terry's conclusion as to the cause of Mr. Petersen's death is unreliable. Accordingly, such conclusions may not be admitted into evidence or shown to the jury. *See Fulton v. Loucki,* 1991 WL 224107 (6th Cir. 1991) (precluding admission of cause of death in death certificate where coroner was not a doctor and not qualified to give opinions as to cause of death); *Charleston Nat'l Bank v. Hennessy,* 404 F.2d 539 (5th Cir. 1968). Plaintiff may introduce the death certificate with the cause of death redacted.

## CONCLUSION

Defendant's motion in limine number one is granted. Mr. Terry is not qualified as an expert to testify about the cause of death of the deceased. Furthermore, the cause of death on the death certificate is not admissible evidence.

Dated: October 27, 2003                ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge